RAYMOND THOMPSON, RESPONDENT, v. JOHN G. PEPPLER, APPELLANT.

Submitted July 9, 1917—Decided November 23, 1917.

1. An amendment may be allowed under our statute (*Comp. Stat.*, p. 4091, § 126) after trial of a cause.
2. Messrs. Page & Lyons had a contract with the borough of Pleasantville for furnishing certain maps, and assigned the money to grow due on the contract to Peppler. Page & Lyons made a subcontract with Thompson for doing part of the work, but he became apprehensive about getting his money and withheld delivery of the maps to the borough. Peppler wrote Thompson a letter in which he said that as soon as he received from Pleasantville the amount due Page & Lyons he would send Thompson a check for $450 in settlement of his claim, and requested him to deliver the maps to the borough so that both of them would get their money. Thompson delivered the maps and Peppler received the money but failed to pay Thompson, who sued therefor and recovered judgment. *Held*, that Thompson's delivery of the maps to the borough was a valid consideration for Peppler's promise to pay him for them.
3. Peppler offered to prove that Thompson acted as agent for Page & Lyons in the transaction. This was properly overruled, because such testimony would not operate to defeat Thompson's claim against Peppler for work performed on the maps under Page & Lyons' contract with the borough, which was taken over by Peppler by assignment, and which maps were delivered by Thompson to the borough at the request of Peppler, who promised to pay him therefor.

On appeal from the Supreme Court.

For the appellant, *Levitan & Levitan.*

For the respondent, *Henry W. Lewis.*

The opinion of the court was delivered by

WALKER, CHANCELLOR. The plaintiff sued the defendant in the Supreme Court. The cause was brought to trial in the Atlantic County Circuit Court before Judge Carrow, without a jury, on October 23d, 1916. The trial judge thereafter filed a *memorandum,* the date of which filing is not

stated in the printed case or briefs of counsel. It must, however, have been subsequent to January 19th, 1917, because of a notice of motion for that day before Judge Carrow for an order to amend the complaint theretofore filed, as he commences his *memorandum* with a statement that the complaint, as amended, shows a legal cause of action and that the motion to dismiss it is therefore denied. The trial judge found that the plaintiff was entitled to judgment for $450, with interest. Judgment was entered accordingly and defendant appeals.

It is first urged that the trial court erred in permitting the filing of an amended complaint. The appellant concedes that the court may allow amendments freely, but claims that such allowance may only be made before or at the trial, and that as the amendment in the case at bar was permitted after the trial of the cause, it should be held to be illegal. For this proposition reliance is placed on section 24 of the Practice act. *Pamph. L.* 1912, *p.* 382. The provision there is:

"In addition to the present powers of amendment, the court may, upon terms, permit, before or at the trial, the statement of a new or different cause of action in the complaint or counter-claim."

It will be observed that there is in the act no limitation whatever upon the power of amendment, but that power is given to permit the statement of a new or different cause of action.

In *Miller* v. *West Jersey Railroad Co.,* 76 *N. J. L.* 282, it is observed (at *p.* 284), that in *Farrier* v. *Schroeder,* 40 *N. J. L.* 601, an amendment was permitted after trial. This mere statement might give the impression that the amendment was allowed some considerable time after trial, but an examination of the case discloses that it was made at the conclusion of the trial, which, in a sense, is after the trial.

But there can be no doubt of the right of the court to allow an amendment after a trial. The power of amendment, as conferred by statute (formerly *Rev. Stat., p.* 869, § 138—now *Comp. Stat., p.* 4091, § 126), has been held to extend to the Court of Errors and Appeals, and amendment

can there be made, which, of course, is after trial in the court below. *American Life Insurance Co.* v. *Day,* 39 *N. J. L.* 89. What was here allowed was an amendment and not the statement of a new and different cause of action. The amendment was properly allowed.

Whether after a cause has been submitted to the court without a jury and the judge is holding it under advisement, the statement of a new and different cause of action may not be allowed pending his decision, is a question not involved.

It is next contended that the contract sued on is *nudum pactum* because without consideration to support it. This objection lacks substance.

The facts disclose that Messrs. Page & Lyons had a contract with the borough of Pleasantville for furnishing certain maps to the municipality, and, being in need of funds to properly perform the contract, they borrowed from the defendant, who took an assignment of the money to grow due on the contract. Page & Lyons made a subcontract with the plaintiff for the doing of part of the work called for, and he entered upon the performance of his contract, but became apprehensive about getting his money and withheld delivery of the maps to the borough. In this situation defendant wrote the plaintiff a letter in which he said that just as soon as he received from Pleasantville the amount of the bill rendered by Page & Lyons ($1,146.03), he would immediately send him a check for $450 in full settlement of his claim against them, and added that if he had not already delivered the completed maps to the borough he would kindly do so, so that both of them would get their money at the earliest possible date. The situation then was this: Defendant held by assignment a contract with the borough of Pleasantville to furnish it certain maps and the plaintiff had made them, or some of them, and their delivery to the borough was necessary in order to enable the defendant to receive his money. The defendant's promise was, in effect, that if the plaintiff would part with the maps by delivering them to the borough, the defendant would pay him for having made them, when he received the money from the borough. It would

certainly be detrimental to the plaintiff to part with the maps he made unless he received payment for them, and would certainly be a benefit to the defendant to have him part with them to the municipality so that he, the defendant, could be paid for those very maps. In these circumstances the request for delivery made raised a perfect legal consideration to support defendant's promise to pay, and the point may be dismissed without further comment—except to say that the plaintiff delivered the maps to the borough who paid defendant for them, and thereupon the defendant became liable to pay the plaintiff agreeably to his promise.

The last contention on behalf of the appellant is that the trial judge erred in excluding evidence offered to show that the plaintiff was acting as agent for Page & Lyons in the transaction. The offer was overruled upon the ground that it was "untenable." It is obvious that merely showing that the plaintiff acted as agent for Page & Lyons would not defeat his claim against the defendant for work performed on the maps under Page & Lyons' contract with the borough, which was taken over by defendant by assignment, and which maps were delivered by the plaintiff to the borough at the request of the defendant who promised to pay him therefor, that is, for his work and labor upon those maps, if he made the delivery of them which the defendant requested. The trial judge's exclusion of the offer was therefore proper, because the testimony sought to be introduced would not have constituted a valid defence against the plaintiff's claim.

Let the judgment be affirmed, with costs.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 13.

*For reversal*—None.