JOHN A. LYNCH, PLAINTIFF-APPELLANT, v. NELLIE ELLEN McDERMOTT, DEFENDANT-RESPONDENT.

Submitted May 12, 1933—Decided September 16, 1933.

Before Justices PARKER, LLOYD and PERSKIE.

For the appellant, *David Schneiderman* (*Irving Charles Picker,* of counsel).

For the respondent, *Reginald V. Spell.*

The opinion of the court was delivered by

PERSKIE, J. The facts are stipulated. The plaintiff, on November 27th, 1931, at seven-thirty P. M., while dark, as an express invitee of the defendant, while leaving her home at 135 West Twenty-fifth street, Bayonne, New Jersey, slipped on a coating of ice which had formed on the front steps of the defendant's home. It appears that on the day before the accident, November 26th, 1931, snow and rain had fallen. It continued to snow and rain until the early hours of November 27th, 1931. Defendant knew that ice had formed on the front steps of her home. It did not snow or rain from the early hours of November 27th, 1931, until the time of the accident, seven-thirty P. M. of said day. Defendant did nothing to remedy this condition until after the happening of the said accident, for, as she says, she was waiting for her son-in-law to come home. When the plaintiff entered the house he did so by the side entrance. When he was about to leave, defendant requested him to leave by the front door entrance. He did so. The court below in his certification of findings states that the judgment was entered in favor of the defendant and against the plaintiff, for the following reason: "The defendant was under no duty to the plaintiff to remove the snow or ice from the steps of her premises." This ruling is before us. We hold that it was erroneous. The facts in the instant case are strikingly similar to the facts in the case of *Cooper* v. *Reinhardt,* 91 *N. J. L.* 402. In the latter case the facts were as follows:

The plaintiff entered the defendant's premises about three-thirty P. M. The entrance was by means of six steps and a

platform leading to the bar room door. It had been snow-
ing and snow and slush were on the steps and platform.
About that time it stopped snowing and grew colder. The
defendant knew that the platform and steps needed cleaning
and had caused them to be cleaned about three P. M., before
the plaintiff entered. Nothing further was done in the way
of cleaning or caring for them until five forty-five P. M.,
when the hotel porter again began to clean them. The de-
fendant himself described what then occurred. He said:
"I saw he was cleaning up and went and got him to go to
supper. I don't know whether he did anything about them."
About seven P. M. the plaintiff started to leave the premises
and slipped on a coating of frozen snow or ice and fell.
The testimony also tended to show that the snow and slush
which had accumulated when the plaintiff entered had not
been removed.

The court, in an opinion by Mr. Justice Trenchard, held:
"This testimony justifies the finding of the trial judge that
the defendant failed to use ordinary care in keeping the
entrance platform and steps reasonably safe on the occasion
in question and that this caused the plaintiff's injury." "We
also think that it cannot be said as a matter of law that the
plaintiff was guilty of contributory negligence." "The fact
that plaintiff noticed when he entered the defendant's prem-
ises that there was snow upon the steps and platform, is not
conclusive evidence that he was not in the exercise of reason-
able care in attempting to use the steps and platform several
hours afterwards. *Andrew* v. *Mertens,* 88 *N. J. L.* 626;
*Dewire* v. *Bailey,* 131 *Mass.* 169; *Evans* v. *Utica,* 69 *N. Y.*
166." "The plaintiff had a right to suppose, and, no doubt,
did suppose, that the defendant had performed his duty with
respect to this exit. The plaintiff had entered the premises
several hours before, and meanwhile it had grown dark, and
it is by no means certain that he saw the snow and ice as he
started out."

The only difference between *Cooper* v. *Reinhardt, supra,*
case and the instant case is that in the former the premises
consisted of a hotel while in the instant case the premises

consisted of a private dwelling. The plaintiff came to the house of the defendant at the express request of the defendant. Whether the plaintiff came as a social guest (*Morril v. Morril*, 104 *N. J. L.* 557) or for other reasons, as, for example, business, it was the duty of the person in control of the premises and extending the invitation, to keep the premises reasonably safe. The premises may be unsafe and even unreasonably so, without any default on the part of the owner. It is the rule of reasonable care that is applicable. The trial judge, by his certification, held that the defendant-appellee was under no duty in the premises. This is clearly not so. Whether the defendant-appellee discharged her duty in the premises; whether the plaintiff-appellant was guilty of contributory negligence were factual, and thus necessary of determination before the legal principle involved was applied. It may well be that these questions were so determined by the judge and that as a result of that determination he reached the legal conclusion that the defendant-appellee was under no duty in the premises. Be that as it may the record submitted discloses no such determination. We are bound by the record.

Judgment is reversed.