GRACE BOYLE AND DANIEL BOYLE, PLAINTIFFS-RE-
SPONDENTS, v. FELIKS BALDOWSKI AND SOFIA BAL-
DOWSKI, DEFENDANTS-APPELLANTS.

Argued October 6, 1936—Decided November 18, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the defendants-appellants, *Joseph C. Paul.*

For the plaintiffs-respondents, *Samuel E. Kresch.*

The opinion of the court was delivered by

TRENCHARD, J. On February 4th, 1936, Grace Boyle, a tenant in an apartment house of the defendants, fell on the entrance steps of the house and was injured. She brought this suit to recover damages for such injury and her husband joined in the action claiming consequential damages. The District Court judge, sitting without a jury, gave judgment for the plaintiffs, and the defendants appeal.

The defendants contended at the trial, and now contend, that the motions for nonsuit and direction of a verdict should have been granted. We believe that a consideration of the legal propriety of the denial of such motions will dispose of every question argued.

Those motions were grounded upon the assertion that there was no evidence of negligence of the defendants, and that the plaintiff Grace Boyle "assumed the risk."

We think these contentions are ill-founded in fact and in law.

The plaintiffs were tenants in the defendants' apartment house where the defendants also lived. The defendants reserved control of the entrance and steps which were used in common by all of the tenants, and the defendants usually personally performed the janitorial duties in respect thereto.

The evidence was somewhat contradictory, yet there was ample evidence from which the trial judge might, and no doubt did find the following matters of fact: The entrance to the house upon which the plaintiff Grace Boyle fell, consisted of six steps, of brick construction, leading to the street. It was while walking down these steps at ten-forty-five A. M., that she fell. It had been raining, freezing and snowing during the preceding night, but the weather cleared about seven-thirty A. M., leaving the steps covered by four or five inches of soft snow underlaid with ice, the presence of the ice being unknown to Mrs. Boyle prior to her fall. The steps had not been swept or cleaned, but remained untouched until ten-forty-five A. M., when Mrs. Boyle attempted to use them and was caused to fall by reason of the snow-covered ice.

Now, the defendant owners of the apartment house, having

reserved control of the entrance steps for the common use of the tenants, and having assumed the duties of janitorial service in respect thereto, were under the duty to use ordinary care to render the entrance steps reasonably safe for the use of the tenants; and the evidence tending to show that the defendants knew, or were legally bound to know, that the entrance steps were covered with snow underlaid with ice from a storm of the night before, and failed to sweep or clear them from seven-thirty A. M., when the weather cleared, until ten-forty-five A. M., and allowed the plaintiff tenant to use them at ten-forty-five A. M., in that condition, to her injury, justified the finding that the defendants were negligent. *Cooper* v. *Reinhardt,* 91 *N. J. L.* 402.

The defendants cite the case of *Bodine* v. *Goerke Co.,* 102 *N. J. L.* 642; but that case is not in point here. There it appeared that the snow was continuously falling. Not so in the case at bar. The defendants also cite the case of *Griffin* v. *Hohorst,* 14 *N. J. Mis. R.* 421; 185 *Atl. Rep.* 535. That case is not in point here. There, the snow and ice were present only a few minutes, affording no opportunity, in the circumstances, for the operator of the bus to inspect the steps.

The mere fact that the injured plaintiff noticed soft snow upon the steps on her way out of the apartment house, without knowledge that it was underlaid with ice, will not defeat her action for injury caused by the presence of ice upon the steps.

When the motion for a direction of a verdict was made, there was a conflict of evidence in respect to some of the matters of fact; but that is immaterial, because in passing on a motion for a direction of the verdict the court cannot weigh the evidence, but must take as true all evidence which supports the view of the party against whom the motion is made and must give her the benefit of all legitimate inferences which are to be drawn therefrom in her favor. *Andre* v. *Mertens,* 88 *N. J. L.* 626.

The trial court was confronted with the question of the credibility of witnesses, and the rule is that the Supreme Court will not review a decision of the District Court upon

questions of fact, but will only look to see if there was any legal evidence to support it. *Backes* v. *Movsovich,* 82 *N. J. L.* 44.

We think that the application of these rules disposes of every question argued, and the judgment of the District Court will be affirmed, with costs.