SARAH HIGGINS, PLAINTIFF-APPELLEE, v. COUNTY SEAT BUILDING AND LOAN ASSOCIATION, DEFENDANT-APPELLANT.

Submitted May 2, 1939—Decided August 14, 1939.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PORTER.

For the plaintiff-appellee, *Theodore Strong & Son* (*Stephen V. R. Strong,* of counsel).

For the defendant-appellant, *John C. Stockel.*

BROGAN, CHIEF JUSTICE. This is an appeal from a judgment of the Court of Common Pleas of Middlesex county. The jury returned a verdict for the plaintiff for personal injuries suffered by her and the defendant appeals from the judgment thereupon entered. The plaintiff alleges that she was an invitee on the occasion of her visit to the home of her son, who resided on the first floor of a two-family house in the city of New Brunswick. When she arrived at the house on the night of October 21st, 1937, the front entrance, having just been painted, was blocked off and to enter the house she was obliged to go to the rear entrance and that in going

through that entrance, which was unlighted, she fell down the steps leading to the cellar. The defendant is charged with negligence in that the said rear entrance was improperly constructed and maintained, was unlighted, and that the platform immediately inside the house was insufficient in depth for the safety of those who had occasion to use it, and that the said entrance and platform were inadequate and unsafe.

It is not disputed but that the rear entrance afforded ingress and egress for tenants that occupied the first and second floors of this house and that the stairway in question was a common one. From the record it appears that the door of the rear entrance opened inward from left to right. The inside platform had a depth of two feet six inches. Inside, a partition divided the staircase leading upward to the first floor from another flight of steps that led downward to the cellar. If one opened the door only to an angle of forty degrees such person entering and standing, let us say, at the end of the open door, would be sixteen inches or less from the steps leading to the cellar. On the other hand, if the door had been opened to its fullest extent, the door would then stand at an angle of ninety degrees and such person would have a platform of the full depth of two and one-half feet on which to stand before mounting the steps leading to the first floor apartment.

The plaintiff said that she opened the door wide enough to gain entrance, turned about to close it after her, and in so doing stepped back, unquestionably to the left of the partition, with the result that she fell down the cellar steps.

. It is first urged that the court committed error in rejecting the defendant's motion for nonsuit and the argument is that there was no proof that the rear entrance was improperly constructed or maintained. We think that the testimony of the witnesses, Merchant, an architect, and Pisciotti, a builder, were sufficient to make this issue a fact question. These witnesses, particularly the latter, said that the platform was not of sufficient depth for safety under conditions there existing; that the usual amount of clearance was not present for the closing of the door. It is true that there was an objection

by the defendant to the question which elicited this information, when it was asked of both these witnesses by counsel for the plaintiff. In the first instance the objection was to the form of the question without saying what the informality was, and it was further stated by defense counsel that the question was not "relevant or binding or material." The court inquired of counsel what his objection was to the form of the question and counsel answered by saying that he would like then and there to cross-examine the witness, Merchant, which the court permitted him to do. Now the question which is objected to might have been excluded because it called for a conclusion and rather an abstract conclusion at that, but this was not the ground of the objection. Counsel thereupon proceeded to cross-examine the witness, Merchant, generally as to his qualifications and after that plaintiff's counsel repeated the question in different words asking whether the rear entrance was "safely and properly constructed." Counsel objected again, as he said, on "grounds hereinbefore stated" and said that the question was far too general and, after argument, repeated that he objected to its form. The question was allowed and it was answered. The same general tactics were pursued with regard to the second witness, Pisciotti. We think the form of the objection was insufficient and that it clearly appears that both witnesses, particularly the latter, were competent to testify as to whether or not the platform inside the rear entrance was usual in buildings of that type.

Under this heading, too, it is urged that the plaintiff was guilty of contributory negligence as a matter of law. We think a fact issue was made out. From the testimony it appears that this woman plaintiff just opened the door, turned about to close it, when without more, and because of the narrow space between the end of the door opening inward and the cellar steps, she fell. Nor do we think there is any substance to the point that there was no proof of negligence on the part of the defendant. When the defendant roped off the front entrance an invitation to enter by the rear was implied. After all, persons must enter and leave their places of abode and visitors may likewise enter and leave. We think that under the circumstances the rear entrance was held out as a

reasonably safe place and the testimony of the witnesses made it out to be otherwise.

The appellant places reliance upon the case of *Adams* v. *Olsen*, 107 *N. J. L.* 288. We think it is unnecessary to discuss this case, since a mere reading of that opinion makes it quite clear that the fact situation is not at all similar to the facts in the case before us.

It is next said that the court fell into error in calling the attention of the jury to the fact "that there is no testimony in the case which shows that this stairway or this entrance was lighted, and that it was the duty of the defendant to light the stairway here, if it was necessary, of course, for the protection of the persons who had a right to use it." Under the circumstances, where the negligence charged was an insufficient or unsafe platform or place to stand, upon entrance, and in the absence of light, we think that the landlord who is chargeable with knowledge of this condition, had the duty to provide some safeguard—a light, guard-rail or hand-rail—so as either to guard against the defect or by a light make it such that it could be readily seen. *Putkowski* v. *Jarmoli*, 9 *N. J. Mis. R.* 1189. The charge was therefore not erroneous.

It is next said that the court erred in rejecting defendant's motion to strike out the testimony of Merchant and Pisciotti. The motion to strike, coming as it did at the end of the case, was too late. *O'Brien* v. *Slaiger*, 101 *N. J. L.* 526.

It is next said that the court fell into error in holding that the qualification of Pisciotti as an expert witness was for the jury to determine. This, of course, was erroneous. Whether a witness is an expert is always a court question, but the error was harmless in any event.

The judgment should be affirmed with costs.