FRANCES CORBETT AND BARTHOLOMEW CORBETT, PLAINTIFFS-APPELLANTS, v. ROBERT WARNER, DEFENDANT-RESPONDENT, AND RICHFIELD OIL CORPORATION, A CORPORATION, DEFENDANT.

Submitted May 5, 1948—Decided June 12, 1948.

Before CASE, CHIEF JUSTICE, and Justice BURLING.

For the plaintiffs-appellants, *Joseph I. Freiman.*

For the defendant-respondent, *Cox & Walburg* (*William H. D. Cox,* of counsel).

The opinion of the court was delivered by

BURLING, J. This is an appeal from a judgment of the Hudson County Court of Common Pleas which judgment resulted from granting a nonsuit against both plaintiffs. The motion to nonsuit was made at the termination of the opening of the case by plaintiff's attorney. At that time he was given an opportunity by the court to enlarge the opening. Although he did make additional remarks, no new facts were brought forth. The motion to nonsuit was then granted.

From the facts so stated, it appeared that respondent, Robert Warner, was the lessee in possession and control of a gasoline station which fronted on Hudson Boulevard in Jersey City and occupied the entire area, approximately 150 feet, east of the Boulevard and between Underwood Place and Beacon Avenue. The entire surface of the station had been paved with concrete and it appeared that it was customary for their convenience for members of the public to cross over parts of the station from time to time to avoid the longer but public route by the sidewalk of traveling on Underwood Place to Hudson Boulevard and then turning and traveling on Hudson Boulevard to reach Beacon Avenue.

It appeared that the defendant had piled snow on the premises in front of the station building which had thereafter melted and then froze so that parts of the concrete surface on the private premises were slippery. The plaintiff Frances Corbett who was on her way to a store on Beacon Avenue crossed from Underwood Place to Beacon Avenue across the premises occupied by the defendant.

While so doing she slipped on the ice and fell and sustained injuries, which are the basis of this suit. She brought an action against defendant Warner and the Richfield Oil Corporation, her husband joining in a count *per quod*. At the beginning of the trial, plaintiffs discontinued the action against the Richfield Oil Corporation and attempted to proceed against the defendant Warner. This was halted by the granting of the motion to nonsuit.

The single question before us is whether upon the facts in the opening the plaintiffs were correctly nonsuited. Counsel did not incorporate by reference the facts stated in the complaint, nor state to the court and jury that in addition to the opening statement he proposed to prove the facts set forth in his complaint. The appellant cannot now in this court fall back upon the facts stated in the complaint, as he is deemed to have waived reliance upon the facts pleaded in the complaint. *Taggart* v. *Bouldin* (*Court of Errors and Appeals,* 1933), 111 *N. J. L.* 464; *D'Aloia* v. *Unione Fratellanza* (*Court of Errors and Appeals,* 1913), 84 *Id.* 683; *Carey* v. *Gray* (*Court of Errors and Appeals,* 1922), 98 *Id.* 217.

The well established rule is that on a motion for a nonsuit the defendant admits the truth of the plaintiff's evidence and of every favorable inference fairly to be deduced therefrom but denies their sufficiency in law. *Willins* v. *Ludwig (Court of Errors and Appeals,* 1947), 136 *N. J. L.* 208; *Strutko* v. *Mann (Court of Errors and Appeals,* 1939), 124 *Id.* 183.

With this rule in mind, the most favorable status to the plaintiffs arising from the facts as stated in the opening is that the plaintiff Frances Corbett was a licensee upon the defendant's lands. There were no facts from which an invitation, express or implied, might be spelled so as to invoke the duty to exercise ordinary care to render the premises reasonably safe for such invitee. As such, defendant owed her the duty to refrain from acts willfully injurious. *Phillips* v. *Library Co. (Court of Errors and Appeals,* 1893), 55 *N. J. L.* 307; *Lordi* v. *Spiolta (Supreme Court,* 1946), 133 *Id.* 581; *Carey* v. *Gray, supra.* Plaintiffs attempted to avoid the import of this by alleging an easement. However, the facts as stated in the opening did not give rise in law to the existence of such an easement. *Holmes* v. *Murphy (Supreme Court,* 1923), 1 *N. J. Mis. R.* 126. The case of *Drelich* v. *Erie Railroad Co. (Court of Errors and Appeals,* 1917), 91 *N. J. L.* 600, relied upon by plaintiff is distinguishable on the facts. Plaintiffs further alleged that the manner of shovelling of the ice and snow constituted a trap. With this reasoning, we do not concur. *Taggart* v. *Bouldin, supra; Lewis* v. *Dear (Court of Errors and Appeals,* 1938), 120 *Id.* 244.

It was not error to grant the nonsuit and the judgment of the Hudson County Court of Common Pleas is affirmed.