37 N.J. Super. 112 (1955)
117 A.2d 45
ANN MacGREGOR, PLAINTIFF-APPELLANT,
v.
TINKER REALTY CO., INC., A NEW JERSEY CORPORATION, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued September 27, 1955.
Decided October 6, 1955.
*113 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Harold Jacobs argued the cause for appellant.
Mr. George F. Losche argued the cause for respondent (Mr. Charles C. Shenier, attorney).
The opinion of the court was delivered by JAYNE, J.A.D.
In undertaking to determine the existence of a cause of action, knowledge of the basic factual premise is indispensable. Accordingly the accredited circumstances of the present case must be initially recognized.
The plaintiff was a tenant of an apartment building owned and conducted by the defendant at No. 40 Passaic Street in Hackensack. A snowstorm occurred in the vicinity on January 12, 1954 and the snowfall continued until the morning of January 14, 1954, when the defendant's building superintendent excavated a narrow path in the fallen snow on the sidewalk of Passaic Street in front of the apartment premises for the use of the plaintiff, other tenants of the building, and presumably for the convenience of pedestrians in general.
In utilizing the path upon her departure from the building on the morning of January 14, 1954 the plaintiff slipped on an "undercoating of ice" which the superintendent had not eliminated from the bottom surface of his excavation. The plaintiff instituted the present action to recover from the defendant compensatory damages for the injuries and losses she sustained in the mishap.
At the very inception of the trial the prosecution of her alleged cause of action was challenged, for upon the conclusion of her attorney's opening address to the jury a motion was made on behalf of the defendant for an involuntary *114 dismissal of the plaintiff's action. Upon reflection the trial judge resolved that the motion was meritorious and the action was dismissed. The propriety of the determination of the trial judge is the subject of this appeal.
The introductory statement to the jury of the plaintiff's alleged cause of action was relatively concise. It imparted the facts hereinbefore mentioned and exhibited the theoretical rationale upon which the plaintiff sought to maintain her legal right to a recovery of damages from the defendant.
The following quotations are illustrative:
"Now, the landlord reserved the right to common approaches to this particular house, not only the steps and the front door, but also the sidewalk in front of this, so people would be able to use the sidewalk and use the steps to go into the building.
The defendant owed a duty  the Tinker Realty Company, the owner of this particular building, a corporation of New Jersey, owed a duty to see that they were maintained properly, and extended an invitation to the plaintiff to use this particular sidewalk in front of the premises to use the facilities of the house. That was part of the reservation and control of the premises of the 28 families in the four story building where the plaintiff lived.
* * * We say that the defendant had this duty to the plaintiff to see that there was a safe place, and, in fact, an invitation was extended to the plaintiff here to use the sidewalk, and that a path was made by the superintendent, and the landlord is responsible for his acts, and that there was a narrow path shoveled out in front of the premises on the Passaic Street side for the use of the plaintiff, and that there was a single file, and on the morning of January 14 the superintendent had made a stab at giving some passageway to go through, based upon the complaint the plaintiff had made the night previous. That there was no place for her to travel from the front of the apartment house to go to her place of employment, which was at Arnold Constable's and that she followed this path, which was negligently dug out by the superintendent for the defendant corporation, in the company of another lady, who will testify here as to the condition, and that she, the plaintiff, as she was travelling in this path single file, following along the sidewalk immediately in front of the premises, fell thereon, because there was a little layer of ice underneath this snow which the defendant did not clear up, and actually cleared up after the fall took place.

* * * * * * * *
* * * I am sure the Judge will charge you as to the law, as to the duty of a landlord in relation to the tenant, just a little different than to a general pedestrian who walks along the street, *115 because he rents this particular building and owes a duty that people have a safe place to go in and out of the premises. We say the defendant failed in this duty to the plaintiff, and injuries were sustained * * *"
The thesis of the plaintiff is that a landowner in the removal of snow from the adjacent public sidewalk owes a greater or different duty of care to his tenant than that owing to a member of the public. The postulate is that the abutting public sidewalk is a portion of the demised premises over which the landlord in relation to his tenants has retained control, hence an equivalent duty of care to tenants in respect to its condition. Not so. Such a pretended distinction has never to our knowledge been recognized in the law of our State, and we perceive no impelling cause to originate it.
In considering the situation presented to the trial judge in the present case, our attention centers upon the decision in Taggart v. Bouldin, 111 N.J.L. 464 (E. & A. 1933), in which it was held that an owner is under no duty to maintain the sidewalk abutting his land free from the natural accumulation of snow and ice. Nor is he liable, in clearing the sidewalk of snow and ice, unless through his negligence a new element of danger or hazard, other than one caused by natural forces, is added to the use of the sidewalk by a pedestrian. See, also, Sewall v. Fox, 98 N.J.L. 819 (E. & A. 1923); Saco v. Hall, 1 N.J. 377 (1949).
A thorough inspection of the transcribed opening statement of the plaintiff's attorney discloses that he proposed to prove that the defendant's superintendent "had made a stab at giving some passageway"; that the path "was negligently dug out," and that "there was a little layer of ice underneath this snow which the defendant did not clear up." Nowhere in the opening statement can be discovered a proposal to prove that in excavating the path the defendant's superintendent created a new element of danger other than one caused by nature.
A reading of the colloquy between the court and the attorney of the plaintiff which ensued the motion for a dismissal *116 of the action clearly reveals that the alleged negligence which the plaintiff expected to establish in pursuance of the complaint and pretrial order was the failure of the defendant to exercise ordinary care to render the sidewalk reasonably safe for its tenant whom it had expressly or impliedly invited to make use of it. This conclusion receives confirmation by the submission to the trial court and to us on appeal of the citation of such decisions as Lynch v. McDermott, 111 N.J.L. 216 (Sup. Ct. 1933); Boyle v. Baldowski, 117 N.J.L. 320 (Sup. Ct. 1936); and Hedges v. Housing Authority, Atlantic City, 21 N.J. Super. 167 (App. Div. 1952), as illustrative of the basis of the present defendant's liability to the plaintiff. In the Lynch case the plaintiff slipped on a coating of ice on the front steps of the defendant's home; in the Boyle case the plaintiff fell upon the entrance steps of the defendant's apartment house; in the Hedges case the plaintiff sustained injury on a walk leading from the sidewalk to the apartment buildings.
Moreover the attorney of the plaintiff was undoubtedly aware of the principle of law enunciated in the Taggart case, supra, and if he was able to supply evidence that the servant of the defendant had in his voluntary undertaking increased the existing natural danger he would have requested the privilege of appropriately augmenting his opening, and we are confident that the opportunity would have been accorded to him. Vide, Kelly v. Bergen County Gas Co., 74 N.J.L. 604 (E. & A. 1907).
Incidentally it may be noticed that the attorney of the plaintiff did not specifically refer to the allegations of the complaint in his opening. Cf. Carey v. Gray, 98 N.J.L. 217, 219 (E. & A. 1922); Corbett v. Warner, 137 N.J.L. 281, 282 (Sup. Ct. 1948). However, the trial judge examined it, and the plaintiff's attorney expressed at the argument of the motion the intended import and meaning to be ascribed to its allegations as hereinbefore indicated.
We cannot nod our assent to the notion projected in the appellant's brief that whether the abutting property owner owes to his tenant a duty of care with respect to the clearance *117 of snow from the sidewalk essentially different from that owed to the traveling public is a question "not to be decided as a matter of law but rather to be submitted to the jury as a factual issue."
While it may be reasserted that the power of a trial court to grant a motion for the dismissal of an action because the attorney's introductory statement to the court and jury fails to disclose a cause of action should be very cautiously exercised, we conclude in the circumstances of the present appeal that the dismissal was warranted.
Affirmed.