77 N.J. Super. 535 (1962)
187 A.2d 52
HENRY MERKEL, PLAINTIFF,
v.
SAFEWAY STORES, INC., A MARYLAND CORPORATION, DEFENDANT.
Superior Court of New Jersey, Law Division.
Decided December 20, 1962.
*536 Mr. Maurice Jordan Price for plaintiff.
Mr. Thomas F. Hueston for defendant (Messrs. Hueston & Hueston, attorneys).
FULOP, J.C.C. (temporarily assigned).
On January 26, 1961, at about noon, plaintiff drove his automobile to the parking lot of the defendant adjacent to the defendant's store on Liberty Avenue in Hillside, New Jersey. He left his automobile and walked in the parking area to the sidewalk, turning to the right with the intention of entering defendant's store to make purchases. At about the point at which he turned, and while on the sidewalk in front of the corner of the building, the plaintiff fell and was injured.
*537 Plaintiff contended at the trial that he fell upon ice covered with snow on the sidewalk. It had not snowed for more than a day before the incident in question. The plaintiff contended that he was an invitee and defendant owed him the duty to use reasonable care to provide and maintain a safe place to use in walking from the parking area to the store, and that the defendant had failed to do so.
Defendant contended that its duty of care to its customers did not extend to the public sidewalk and that its only duty to the plaintiff with respect to snow and ice on the public sidewalk was that which it owed to all members of the public walking on the sidewalk, namely, to refrain from negligently increasing the hazard created by the elements. Thus, defendant would not be liable for any hazard arising from snow or ice in its natural state. It would not be required to clear the sidewalk or to place salt or other anti-slip products on it.
Defendant moved for judgment in its favor as a matter of law. This was not granted and the case went to the jury on plaintiff's theory. The jury brought in a verdict for the plaintiff in the sum of $1,500.
Defendant now renews its motion for judgment in its favor, notwithstanding the verdict pursuant to R.R. 4:51-2.
In its notice of motion defendant included motions "for a new trial because the verdict is against the weight of the evidence" and "to reduce the damages." These two motions were abandoned at the oral argument and defendant confines itself to the single legal point.
The single legal issue is the nature and extent of the defendant's duty to the plaintiff with respect to the section of public sidewalk which plaintiff had to walk over to reach the store entrance from the parking area.
Before considering the legal question, it should be noted that:
(a) Defendant did attempt to clear this area of the sidewalk. There was testimony that its employees shovelled the snow, did not succeed in clearing off all of the ice, and did *538 place a mixture of sand and salt on it. Thus, the jury could have found a negligent performance of these acts.
(b) The evidence of negligence by defendant was thin and I probably would not have found the defendant liable had I been the trier of the facts.
(c) There was a jury question and the jury's verdict was not so far contrary to the weight of the evidence as to show mistake, passion or prejudice.
(d) The jury was charged that the store owner owed to the plaintiff the same duty of reasonable care to provide a safe place as it owed to its customers in the store itself. If this is not the law, then the charge was erroneous and the verdict should be set aside.
I am of the same opinion now, as I was at the trial, namely, that the defendant's duty to its customers with respect to the strip of sidewalk from the parking area to the door of the store was the same as with respect to the parking area or the store.
The rule with respect to the duty of a landowner to pedestrians passing on the sidewalk in front of his premises with respect to snow and ice is stated in Saco v. Hall, 1 N.J. 377, 381 (1949) as follows:
"An owner is under no duty to keep the sidewalk abutting his land free from the natural accumulation of snow and ice. [citation omitted] Nor is he liable, in clearing the sidewalk of snow and ice, unless through his negligence a new element of danger or hazard, other than one caused by natural forces, is added to the safe use of the sidewalk by a pedestrian. * * *"
See Gellenthin v. J. & D., Inc., 38 N.J. 341 (1962); Gentile v. National Newark and Essex Banking Co., 53 N.J. Super. 35 (App. Div. 1958).
In the case of a business invitee, the duty of the operator of the business is "to provide a reasonably safe place for its patrons," exercising "ordinary care in fulfilling the obligation to thus safeguard them." Coyne v. Mutual Grocery Co., Inc., 116 N.J.L. 36, 38 (Sup. Ct. 1935). This duty extends to the entrances and exits. In Ratering v. Mele, 11 *539 N.J. Super. 211, 213 (App. Div. 1951), Judge (now Justice) Jacobs said:
"Although the defendant, as operator of the Inn, was not an insurer of the safety of his patrons, he was admittedly under obligation to provide them with a reasonably safe place including proper means of egress * * *."
The difference between the obligation to the general public using a public sidewalk and the obligation to invitees of the property owner was pointed out by Mr. Justice Wachenfeld in Skupienski v. Maly, 27 N.J. 240, 248 & 249 (1958), where it is said:
"But all of the foregoing adjudications are concerned solely with the landowner's obligation to the public in general, who use the sidewalk adjacent to his edifice in the exercise of a public easement superior to the property owner's title to the land itself on which the sidewalk is constructed. See Halsey v. Rapid Transit Street Ry. Co., 47 N.J. Eq. 380 (Ch. 1890).
The question of a landowner's obligation to the public, which uses the abutting sidewalk pursuant to its right of public user, is not here involved. The issue centers upon a landlord's obligation to his tenant with respect to the maintenance of a private walk over which the public at large has no easement but which is situated completely within the boundaries of the landlord's premises. The relationship is completely different. Had the plaintiff fallen upon a public sidewalk, the extent of her rights would have been controlled by MacGregor v. Tinker Realty Co., 37 N.J. Super. 112 (App. Div. 1955).

* * * * * * * *
As part of his general obligation to keep the premises in a reasonably safe condition, a landlord is under a specific duty to exercise reasonable care to keep common passageways within his control free of snow and ice. [citations omitted]"
See also Gill v. Krassner, 11 N.J. Super. 10 (App. Div. 1950); Schumann v. Horn and Hardart Baking Co., 8 N.J. Super. 153 (App. Div. 1950).
In Nelson v. Great Atlantic and Pacific Tea Co., 48 N.J. Super. 300 (App. Div. 1958), it was held that parking facilities adjacent to and used in connection with a supermarket constitute a portion of the premises into which the operator of the market invites his patrons. Hence he owes the same duty of care to them in the parking area as in the store premises. Judge (now Justice) Schettino there said:
*540 "* * * Therefore, we fail entirely to see the realities of a rule of law which might command a lesser degree of care upon the grocer with regard to those areas outside the market over which he has control and into which he invites his patrons to either park their cars or necessarily to cross if they be on foot, in order to gain access to the market." (at p. 306)
The storekeeper may be held liable for unreasonable failure to remove snow and ice from the parking facilities. See Evans v. Sears, Roebuck & Co., 104 S.W.2d 1035 (Mo. Ct. App. 1937).
In the present case a parking area was provided for the customers of the store who were invited to park there to enter the store. No entranceway from the parking area to the store was provided except along the public sidewalk. The defendant's invitees could not use the premises in the manner in which they were invited to use them except by passing over the public sidewalk. Under these circumstances there can be little question but that the public sidewalk was the means of ingress and egress provided by defendant for its customers, and the duty of using reasonable care to maintain it in a safe condition should apply. In fact the defendant recognized its obligation and attempted to clear the sidewalk.
In support of this position plaintiff cites Viands v. Safeway Stores, Inc., 107 A.2d 118 (D.C. Mun. Ct. App. 1954), holding that the operator of a store may be liable for failure to protect its patrons from obstructions in front of the front exit door. The court held that the storeowner had a duty to protect his customers "from foreseeable dangers, not only while she was in the store itself but also while she was using the exit doorway and the approach thereto. * * *"
Plaintiff also cites Buchner v. Erie Railroad Co., 17 N.J. 283 (1955), holding that in the case of a common carrier, the liability for providing a safe means of ingress and egress is not necessarily limited to the physical boundary lines of its property, nor by its actual control of the premises held out to the public for ingress and egress. Defendant distinguishes this and other similar cases upon the ground that there is a difference between the extent of responsibility of a *541 utility to its patrons and a private landowner or storekeeper. The care required of a common carrier for the safety of its patrons may or may not be greater than that required of a storekeeper. See Seckler v. Penn. R.R. Co., 113 N.J.L. 299 (E. & A. 1934). However, the principle that defendant's responsibility extends to all areas within the scope of its invitation to the public, including areas not exclusively controlled by defendant, appears equally applicable to the present situation.
The strongest case against the view here adopted is MacGregor v. Tinker Realty Co., Inc., 37 N.J. Super. 112 (App. Div. 1955). In that case a tenant of an apartment house who fell on ice on the public sidewalk in front of the premises sought to hold the landlord to the same duty of care as was applicable on retained portions of the demised premises. The Appellate Division (Judge Jayne) held that when the tenant reached the public sidewalk his relationship to the landlord was legally the same as that of any other member of the public using the sidewalk. While troublesome, the case is distinguishable since the public sidewalk was not in that case shown to be a part of the passageway from one portion of the premises to another.
Defendant argues that what is here decided would necessarily lead to the absurd conclusion that a store owner who provides parking space for its customers a block or more away from the store would be obligated to clear the streets and sidewalks between the parking area and the store. This conclusion does not follow. In such instances the public streets and sidewalks between the parking area and the store are not within the control of the storekeeper. All that is decided here is that where the parking lot and the store are adjacent and no entrance is provided except over the public sidewalk, the store owner assumes the responsibility for a direct path from the parking area to the store and care must be exercised to keep that path in reasonably safe condition for customers.
The defendant's motion is denied.