HELEN TAGGART, PLAINTIFF-APPELLANT, v. BETTIE M. R. BOULDIN, DEFENDANT-RESPONDENT.

Argued May 19, 1933—Decided October 16, 1933.

For the appellant, *Brenner & Kresch* (*Alfred Brenner,* of counsel).

For the respondent, *Green & Green* (*Harry Green,* of counsel).

The opinion of the court was delivered by

BROGAN, CHIEF JUSTICE. The plaintiff below was non-suited by the trial judge of the Essex County Circuit on the opening made by counsel to the jury. Counsel for the plaintiff, in outlining the case, offered to prove that the plaintiff below suffered severe injury by falling on an icy pavement on the night of February 6th, 1930. The circumstances surrounding this occurrence were that about a week or two prior to that date there had been a fall of snow. The defendant, owner of the premises in front of which the accident happened, had caused the sidewalk to be shoveled off. The sidewalk is made of flagstones about four feet wide. There is an expanse of lawn between the dwelling house and property line and the snow was shoveled off apparently to the right and left, some of it being thrown toward the curb and some on the lawn. Soft weather by day caused the snow to melt so that water from the melted snow trickled across the flagstone sidewalk. Colder weather at night froze the water into ice and the plaintiff, in walking past defendant's premises at night, slipped, fell, and broke her leg.

On motion of defendant, judgment of nonsuit was entered on this opening.

Plaintiff appeals, contending that she should not have been nonsuited and that the opening statement of fact which plaintiff contended would be proven was sufficient to create a case for the jury. This is what counsel said: "The person who shoveled that snow shoveled it back inside of the property line, that is, off the sidewalk and back on the lawn. * * * In shoveling it in that way, this person piled it up back of the sidewalk line. Between the curb and sidewalk there was more snow. Probably some of this snow had also been shoveled over toward the curb." And further, "if we show that this snow was shoveled off this sidewalk in a negligent manner and put upon this property line or back on the lawn so negligently that a person in the exercise of reasonable care would know that there was a danger of its melting and going on the sidewalk and thereby freezing and causing injury, we feel then that we have established a case for your determination."

It will be observed that counsel does not point out with any definiteness how he proposes to prove negligence. Certainly it is not in the *manner* of shoveling. He does not charge that any act of the defendant created any *added* danger to pedestrians using the sidewalk.

The appellant, in the argument for reversal in this court, urges that the complaint in the present case is in the identical language of the complaint in *Aull* v. *Lee,* 84 *N. J. L.* 155. Whether or not that be so is immaterial.

The single question before us is whether, under the opening, the plaintiff should have been nonsuited. Counsel did not state to the court and jury that in addition to the opening statement he proposed to prove the facts set forth in his complaint. Now when the trial court has passed upon the legal sufficiency of the facts presented in the opening, appellant cannot in this court fall back upon the facts stated in the complaint to obtain a reversal of the judgment of nonsuit. Since counsel therefore did not rely upon the facts stated in his complaint, he is deemed to have waived reliance upon those facts. *Davenport* v. *Holden,* 95 *N. J. L.* 197; *Carey* v. *Gray,* 98 *Id.* 217.

We do not think that counsel, in opening to the jury, stated a cause of action. The mere allegation of negligence does not give rise to a cause of action unless it follows that a duty has been breached. "Negligence creates no cause of action unless it expresses or establishes a breach of duty." 2 *Add. Torts,* § 1338; *Breese* v. *Trenton Horse Railroad Co.,* 52 *N. J. L.* 250.

There was no duty on the owner of the premises to shovel off this sidewalk. There is no allegation that any action of the defendant increased the hazard that exists on sidewalks during the snowy period of the winter. The property owner cannot be made out to be an insurer of the safety of pedestrians using the sidewalk.

The action of the defendant, in having the sidewalk shoveled off, introduced no new element of danger; rather the opposite resulted and the danger was lessened. Had the snow been left on the sidewalk, the warmth of the sun would have melted that snow as well as that which fell upon the lawn, converting it into water which, when the temperature fell, would have frozen, rendering the sidewalk equally, if not more dangerous to pedestrians, and if the plaintiff under those conditions had fallen and sustained injuries, she would have no cause of action. *Sewall* v. *Fox,* 98 *N. J. L.* 819. Since this be so, to hold a property owner answerable in damages, for injuries received because an effort is made to keep the sidewalk clear and to reduce the danger to pedestrians, would result in a hardship and an injustice. No duty existed at common law to keep the sidewalk in front of one's premises free from ice and snow. *Cf. Sewall* v. *Fox, supra;* no duty arises by statutory enactment and, consequently, no breach of duty or actionable negligence arose here, where the defendant, property owner, cleared the sidewalk by having the snow shoveled off, some towards the curb and some towards or over the property line.

The opinion of the Supreme Court in *Aull* v. *Lee, supra,* is relied upon by the appellant. The Supreme Court realized that the doctrine laid down in this case was entirely too broad

and this is manifest from the opinion of the court in *Lightcap* v. *Lehigh Valley Railroad*, 87 *N. J. L.* 64 (at *p.* 68), and *Arning* v. *Druding*, 96 *Id.* 47. In this last case the shoveling of snow off the sidewalk, piling it along the curb on one side and along the hedge on the other, followed by a thawing and freezing and thereafter an accident wherein a pedestrian using the sidewalk was injured, was held to present a situation where the court was justified in entering a judgment of nonsuit. *Cf. Ferguson* v. *Mikulsky*, 10 *N. J. Mis. R.* 599.

We disapprove of the doctrine laid down in the case of *Aull* v. *Lee*, 84 *N. J. L.* 155, and in order that there may be no further misunderstanding or confusion about it the opinion in that case is expressly overruled.

Our conclusion is completely supported by the New York cases. True it is that in that jurisdiction, generally, the roadways and sidewalks are owned and controlled by the municipality but none the less the principle involved is identical. *Cf. Taylor* v. *City of Yonkers*, 105 *N. Y.* 202; *Harrington* v. *City of Buffalo*, 121 *Id.* 147; *Kinney* v. *City of Troy*, 108 *Id.* 567; *Kaveny* v. *City of Troy*, *Ibid.* 571.

Judgment of nonsuit will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

*For reversal*—None.