: GERTRUDE ROSENBLUM *vs.* ECONOMY GROCERY STORES
CORPORATION.

Suffolk.   April 6, 1938. — May 24, 1938.

Present: RUGG, C.J., LUMMUS, QUA, DOLAN, & COX, JJ..

*Snow and Ice.   Nuisance.   Way,* Public: nuisance.

No cause of action arose for injuries sustained in a fall on ice formed
    on a sidewalk from snow which one in control of an abutting building
    had piled up against it in clearing the sidewalk.of snow.

TORT.   Writ in the District Court of Chelsea dated
April 9, 1934.

On removal to the Superior Court, *Hurley,* J., ordered
a verdict for the defendant on the plaintiff's opening.   The
plaintiff alleged exceptions.

*W. A. Thurman,* for the plaintiff.

*R. B. Coulter,* for the defendant.

Cox, J.   This is an action of tort brought by the plaintiff
to recover for injuries alleged to have been sustained by
falling on the sidewalk in front of premises admittedly in
the control of the defendant.   It was also admitted that
due notice of the time, place and cause of the alleged in-
juries was given.   See G. L. (Ter. Ed.) c. 84, § 21.   At the
conclusion of the plaintiff's opening to the jury the de-
fendant presented a motion for a directed verdict.   The
trial judge inquired of the plaintiff's counsel if he wished to
add anything to his opening and, upon receiving a reply in
the negative, allowed, subject to the plaintiff's exceptions,
the defendant's motion.   See *Murphy* v. *Boston & Maine
Railroad,* 216 Mass. 178; *Gray* v. *Boston,* 277 Mass. 166;
*Mulvaney* v. *Worcester,* 293 Mass. 32.

The material statements in the plaintiff's opening which
relate to the issue to be decided are as follows: Several days
prior to January 2, 1934, there was a considerable snow fall.
The sidewalk where the plaintiff fell is an "exceptionally

wide sidewalk, at least twice the size of the ordinary side-walk that you walk on in the ordinary street," and it was "filled" with snow.   The defendant's agents shovelled snow from the center of the sidewalk, which sloped toward the street, up against the windows of its own store and not out into the center of the street.   The snow which had been piled up was not removed, and a day or so before the plaintiff fell the temperature was such as to cause the snow to melt, with the result that it ran down upon the sidewalk and collected in puddles of water.   The temperature on the day of the injury was freezing, so that the puddles froze and the plaintiff, who worked in a store adjoining that of the defendant, as she was walking carefully, "slipped and fell upon this sidewalk."   In addition, the plaintiff offered to show that the defendant, "in shovelling this snow, did it in such a manner that it created a nuisance upon this sidewalk in question."

The power to direct a verdict upon an opening is well established. *Mulvaney* v. *Worcester*, 293 Mass. 32.   All statements of fact in the opening must be taken to be true, *Gray* v. *Boston*, 277 Mass. 166; and as if put in evidence, *Murphy* v. *Boston & Maine Railroad*, 216 Mass. 178.

If the statement that the plaintiff "slipped and fell upon this sidewalk," see *Jefferson* v. *L'Heureux*, 293 Mass. 490, 494, implies that she fell on one of the frozen puddles, the question remains whether any liability of the defendant is shown.   We think the case comes within the decision in *Mahoney* v. *Perréault*, 275 Mass. 251.   In that case the defendant removed the snow, which fell several days before the plaintiff was injured, from his sidewalk by throwing it upon the grass plot between the sidewalk and the street curb.   The inner edge of the sidewalk was slightly lower than at the curb.   Snow on the grass plot would melt during the day and run over the sidewalk where it would freeze during the night.   The plaintiff slipped and fell on ice so formed.   In that case the court said that it could not reasonably be found that the defendant created a nuisance and that there was "no evidence to warrant a finding that he was negligent because the snow" which he

had shovelled upon the grass plot "melted and ran over the walk" where ice formed.

There is little difference between the facts in that case and the case at bar except as to the place where the snow was deposited, and we are of the opinion that this difference is of no consequence. The principal cases upon which the plaintiff relies, *Miller* v. *Boston & Northern Street Railway*, 197 Mass. 535, *Field* v. *Gowdy*, 199 Mass. 568, and *Graul* v. *Boston Elevated Railway*, 262 Mass. 104, were cited by the plaintiff in *Mahoney* v. *Perreault*, 275 Mass. 251, where the court, at page 254, pointed out that they were plainly distinguishable in their facts. The case of *Pickett* v. *Waldorf System, Inc.* 241 Mass. 569, does not help the plaintiff. The verdict for the defendant was directed rightly. See *Jefferson* v. *L'Heureux*, 293 Mass. 490.

*Exceptions overruled.*