IRENE MANFRA, PLAINTIFF-APPELLEE, v. THE PATER-SON SAVINGS INSTITUTION, A CORPORATION OF NEW JERSEY, DEFENDANT-APPELLANT.

Argued October 1, 1940—Decided March 11, 1941.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and PERSKIE.

For the appellant, *William V. Rosenkrans*.

For the appellee, *David Cohn*.

The opinion of the court was delivered by

PERSKIE, J.   This is a sidewalk case.   Defendant appeals from a judgment, based on a reduced jury verdict, of the Passaic County Circuit Court in favor of plaintiff.

The plaintiff, Irene Manfra, on January 8th, 1938, was walking on or near the sidewalk, abutting premises known at 115 Straight avenue, Paterson, New Jersey, which premises defendant had acquired by sheriff's deed on July 8th, 1937.   While so walking she fell over an iron strip or nosing elevated about three inches from the curb stone.   As a result

of that fall, she sustained injuries and resultant damages for the recovery of which she brought this suit.

The theory upon which plaintiff sought to fasten liability on defendant was rested upon the familiar principle that defendant had bought into a subsisting and continuous nuisance created by one of its predecessors in title. *Cf. Savarese* v. *Fleckenstein,* 111 *N. J. L.* 574, 575; 168 *Atl. Rep.* 850; *affirmed,* 114 *N. J. L.* 275; 176 *Atl. Rep.* 322; *Schwartz* v. *Howard Savings Institution,* 117 *N. J. L.* 180, 183; 187 *Atl. Rep.* 171; *Garvey* v. *Public Service, &c., Transport,* 115 *N. J. L.* 280, 284; 179 *Atl. Rep.* 33.

Defendant, on the other hand, resisted liability substantially on the following grounds: (1) its predecessor in title had not in repairing the sidewalk (in 1936) created a new element of danger (*Cf. Taggart* v. *Bouldin,* 111 *N. J. L.* 464; 168 *Atl. Rep.* 570; *McHugh* v. *Hawthorne Building and Loan Association,* 118 *N. J. L.* 78; 191 *Atl. Rep.* 548); (2) that defendant breached no duty which it owed to plaintiff; (3) that the accident was unavoidable; and (4) that the plaintiff was guilty of contributory negligence.

Plaintiff and defendant offered proofs in support of their respective theories. The trial judge in a full, fair and accurate charge, free from exception, submitted the case to the jury for its determination. The jury returned a verdict of $5,500 in favor of the plaintiff.

On the return of a rule to show cause, allowed by the trial judge, he held that if plaintiff consented to a reduction of the verdict to $3,500 the rule would be discharged; otherwise it would be made absolute both as to liability and damages. Plaintiff consented to the reduction and the rule was discharged accordingly.

Defendant sets down and argues three grounds in support of its contention that the judgment should be reversed.

*First.* Defendant argues that the trial judge erred in denying its motions to nonsuit and to direct a verdict in its favor. This ground of appeal is not properly before us. We base that determination, as we necessarily must, on what the the record discloses were the reasons assigned on the rule to show cause and not expressly exscinded by order of court

(*Cleary* v. *Camden* (*Court of Errors and Appeals*), 119 *N. J. L.* 387, 389; 196 *Atl. Rep.* 455), and not on what counsel suggests were the reasons assigned on the return of the rule to show cause.

Our examination of .the record discloses an order of the trial judge, on the rule, dated June 7th, 1940. By that order the trial judge states it was a pure inadvertence that the prior order, on the rule, dated May 22d, 1940, failed to state that the grounds of the rule as well as the argument thereon were in fact that the "verdict was excessive and was the result of passion, prejudice and mistake." He further states that he concluded that the verdict was "not against the weight of the evidence," but was excessive and, therefore, reduced it to the extent already stated. Thus we have in this case not only a reason assigned that the verdict was the result of passion, prejudice and mistake on the part of the jury, which reason is in itself tantamount to a reason that the verdict is against the weight of the evidence (*Robins* v. *Mack International, &c., Corp.*, 113 *N. J. L.* 377, 385; 174 *Atl. Rep.* 551), but we have the actual reason assigned (and here argued although that circumstance is immaterial) that the verdict was against the weight of the evidence. The reasons assigned on the rule, as here, are *res adjudicata* on the motions to nonsuit and to direct a verdict.

*Second.* Defendant also argues that the court erroneously admitted the testimony of witness Asa John Dolson who testified for plaintiff as to the time and the manner in which he made the repairs for Mrs. Siebert, a predecessor in title to defendant, in December of 1936. The objection to his testimony is that it was not within the scope of the complaint. The complaint charged, among other things, that defendant "carelessly, negligently and improperly (did) construct and maintain the sidewalk and curbing," "that defendant maintained and constructed a nuisance both public and private" and that as a result of "maintaining the conditions * * *" plaintiff sustained damages.

Dolson admitted that he had never theretofore done that type of work; that he was an oil burner mechanic; and that after he made the repairs, the elevation was brought down to

about a quarter of an inch above the curb stone. His testimony laid the foundation for the charges alleged. Of course, it had to be followed up, as it was, by proof as to the condition complained of as of the time defendant became the owner of the property and as of the time when the accident happened. Additionally, his testimony was perhaps admissible on the question as to whether the manner in which he made the repairs created a new danger. There is no merit to this ground of appeal.

*Third.* The argument that the judgment is contrary to law does not present a proper ground of appeal.

The judgment is affirmed, with costs.