Martha **VALENTE**, Appellant,

v.

**UNITED STATES of America**, Appellee.

No. 13664.

United States Court of Appeals Sixth Circuit.

April 6, 1959.

Emanuel Nadlin, Dayton, Ohio, for appellant.

H. Donald Hawkins, Dayton, Ohio (Hugh K. Martin, U. S. Atty., on the brief), for appellee.

Before MARTIN, Chief Judge, and THORNTON and O'SULLIVAN, District Judges.

PER CURIAM.

On February 8, 1955, plaintiff slipped on an icy sidewalk in front of the post office in the City of Xenia, Ohio. Suit was brought against the United States under the Federal Tort Claims Act, 28 U.S.C.A. §§ 1346, 2671–2680, charging that the custodians of the post office had been guilty of negligence in failing to keep the mentioned sidewalk in a safe condition and that such custodians were guilty of positive acts of negligence which resulted in plaintiff's injuries. The case was tried before then District Judge Lester L. Cecil, without a jury. On filing findings of fact and conclusions of law, Judge Cecil dismissed plaintiff's action.

For some days prior to the plaintiff's fall on the sidewalk, it had intermittently snowed and thawed. As a result, ice had gathered on the sidewalk in front of the post office. This walk had been cleaned off by a post office employee who threw the shovelled snow on either side of the sidewalk in question. On the side of the walk nearest the post office, the largest amount of snow had been thrown—behind a retaining wall. On the day before the accident, the sidewalk in question had been cleared of ice and snow but in the afternoon of that day, due to rising temperatures, water from the melting snow on the post office side of the walk trickled across the portion of the walk in question. Freezing temperatures that night and the following morning caused ice to again form on the walk. At 6:00 A.M., on February 8, the day of the accident, a post office employee again cleaned the walk of snow but was unable to completely remove the ice that had formed thereon. This employee then spread about thirty-five or forty pounds of salt over the area in question. Shortly prior to 11:00 A.M., it began to snow again and there was a thin covering of snow upon the walk, the ice on which had not completely melted or disappeared. At about 11:45 A.M., the plaintiff, approaching the post office on business, was crossing this walk when she slipped and fell, suffering injuries.

There was evidence that the area of the walk in question had become pocked or pitted by reason of natural wear and tear, and through previous cleanings of the walk with various tools. Plaintiff

claimed that the walk was thus out of repair and dangerous.

An Ordinance of the City of Xenia required that every person in charge of any building:

" * * * shall clear the whole sidewalk in front of said * * * building * * * of snow and ice before nine o'clock of the forenoon of each day * * *. If from any cause it shall be impossible to remove all the snow and ice which may adhere to such sidewalk, then such owner shall cover such snow or ice as shall so remain with such coating of ashes, sand, or other substance as may be necessary to render travel safe and convenient."

Plaintiff charged that the custodians of the post office were guilty of the following positive acts of negligence, to wit:

(a) That they created a dangerous condition by shovelling snow at an unusual height at the South side of the walk, knowing that when it melted it would trickle across the walk.

(b) Maintaining said walk so as to allow it to become pitted and consequently dangerous.

(c) Using salt instead of ashes, when they were unable to remove all of the ice in the early morning of the accident. An expert called by the plaintiff testified that the use of salt temporarily rendered ice more slippery because of a film of salty water which would gather on top of the ice during the process of melting.

Judge Cecil held as a matter of law that the defendant would not be liable for failure to keep the walk free of ice and snow, and that plaintiff could recover only upon a showing of a positive wrongful act causing, or contributing to, plaintiff's injuries. He found as a fact that no positive wrongful act of the post office custodians proximately caused or contributed to the plaintiff's fall. He found as a fact that the place of her fall was not on any portion of the walk that was pitted; that there was no evidence that there was any film of salt water on the ice where plaintiff slipped or that she would not have slipped on the ice in question but for the use of the salt; that the piling of the shovelled snow on the South side of the walk behind the retaining wall was not the sole cause of water melting and trickling across the walk; and that there was no showing that such trickling of water would not have occurred from melting of the snow naturally falling on the post office side of the walk. He found that the shovelling of some of the snow behind the retaining wall was not an act of negligence.

Judge Cecil reviewed the law of Ohio applicable to the facts so found by him and concluded that there was no liability on the part of the defendant.

We agree with Judge Cecil's conclusions of law. We find no reason to disagree with his findings of fact. Certainly, they are not clearly erroneous. Judgment is affirmed.