WEISNER ET AL. *v.* MAYOR AND COUNCIL OF ROCKVILLE

[No. 489, September Term, 1965.]

*Decided January 20, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, OPPENHEIMER, BARNES and FINAN, JJ.

*Melvin M. Feldman* for appellants.

*Richard B. Latham,* with whom were *McInerney, Latham & Layne* on the brief, for appellee.

FINAN, J., delivered the opinion of the Court.

The winter of 1960-61 was a severe one in the Town of Rockville, Maryland. During February 1961, there had been three snowfalls prior to the 17th, the last having been on the 12th. The cleaning of snow from the streets and sidewalks had resulted in snow being piled in banks between the streets and sidewalks, in varying heights up to three feet. The temperature was such that a cycle of freezing at night and thawing during the day had persisted. On the morning of February 17, the appellant (plaintiff below) Lois Weisner, escorted her five-year old daughter to the kindergarten of Twinbrook Elementary School, located on Wainwright Avenue in Rockville. She arrived at the school shortly before 9:00 a.m. and parked her car parallel to the curb. She and the child alighted and walked to the rear of their car at which point they were separated from the sidewalk, which ran parallel to Wainwright Avenue and sloped toward Ardennes Avenue, by a snowbank three feet high. It was necessary for the appellant and her daughter to climb over the snowbank to reach the sidewalk. The snow had been shoveled from the sidewalk and it appeared clear. After stepping onto the sidewalk and walking hand in hand with her daughter, the appellant took approximately three steps when she lost her footing, slipped and fell, as did her daughter. Other individuals had negotiated the sidewalk without mishap shortly prior to the accident. The officer, from the Montgomery County Police Department, who was called to the scene stated that when he arrived "there was a thin sheet of ice on the sidewalk." One of the witnesses, a teacher at the school, when asked whether on the afternoon of February 16 the spot where the appellant fell was the "most wet" area of the sidewalk and whether this condition had been called to the attention of the janitors of the school and that on some mornings "they had been out there trying to do whatever they could to clear it up," replied in the affirmative. The injuries sustained by the appellant were quite severe and of a permanent nature.

The husband, who is also an appellant, had, with his wife, previously entered suit against the Board of Education of Montgomery County, but the action of the lower court in sustaining a demurrer to the suit was affirmed by this Court (Judge Hammond, now Chief Judge) on the basis of governmental immunity

inuring to the benefit of the defendant. *Weisner v. Bd. of Education,* 237 Md. 391, 206 A. 2d 560 (1965).

At the conclusion of the appellants' case, Judge Shook granted the appellee's (municipality) motion for a directed verdict in its favor from which action this appeal has been taken.

Maryland law is in accord with the general principle that a municipal corporation owes a duty to persons lawfully using public streets and sidewalks under its control to make such public ways reasonably safe for passage, *Pierce v. Baltimore,* 220 Md. 286, 290, 151 A. 2d 915, 917 (1958) ; 19 McQuillin, *Municipal Corporations* (3rd Ed. 1950), § 54.02 pp. 12-13. However this duty is not an absolute one making the municipality an insurer of safe passage, *E. Coast Lines v. M. & C. C. of Balto.,* 190 Md. 256, 277, 58 A. 2d 290, 300 (1948). In order to hold a municipal corporation liable for injuries caused by its alleged negligence in failing to keep sidewalks under its control free of dangerous conditions, including accumulations of ice and snow, the plaintiff must show that the municipality had either actual or constructive notice of such condition; for as was said in *Leonard v. Lee,* 191 Md. 426, 431, 62 A. 2d 259, 261 (1948) :

> "The duty owed by a municipal corporation to those lawfully using the sidewalks under its control is not that of an insurer of their safe passage. Where there are dangerous obstructions or depressions of which the *municipal authorities have actual notice or which have existed long enough to give constructive notice,* a municipality is liable if a person is injured because of such condition." (Emphasis supplied.)

Consequently, the question which this Court must decide is whether or not there was any evidence produced at the trial from which the jury may have drawn a reasonable inference that the appellee had either actual or constructive notice of the alleged icy condition of the sidewalk.

The record is completely devoid of any evidence which would show that the appellee had actual notice of the thin sheet of ice on Wainwright Avenue; thus the remaining query is whether there was sufficient evidence to allow the jury to determine

whether or not the appellee should be charged with constructive notice of the dangerous condition. *Stottlemyer v. Groh,* 201 Md. 414, 418-20, 94 A. 2d 449, 451-52 (1953). (Evidence held insufficient to allow jury to determine whether defendant had constructive notice of a brick frozen to a sidewalk.)

The appellant contended that the icy and snowy conditions that persisted for some weeks in the Rockville area, prior to February 17, were common knowledge and were known or should have been known by the City Fathers; that the municipality knowing of the compulsory nature of school attendance, knew or should have known that children and parents of younger children would require means of egress and ingress to schools and should have set up an ice and snow removal priority schedule to assure that sidewalks adjacent to schools, including the one in question, were cleared. Further that the recurrent freezing and thawing process was known or should have been known to the municipality and that this should have been effectively dealt with even if it required the sanding and salting of sidewalks to combat the ice hazard.

The main thrust of this contention of the appellant, which comes to grips with the question of constructive notice only in the most general nature, is answered by McQuillin, *supra,* § 54.114, pp. 425-27:

> "Where the cause of injury is snow or ice, the rule that there must be actual or constructive notice of the dangerous condition applies the same as in case of other obstructions or defects, with the same exception that no notice is necessary where the accumulation is caused by acts of municipal officers. *But the mere fact that the municipality knows of a heavy fall of snow, or a freeze after a thaw, does not ordinarily include notice of particular danger at any point. In such case it seems there must be actual or constructive notice of the particular defect or obstruction."* (Emphasis supplied.)

The law would also appear to require a showing that the condition at the place of the accident was more perilous than the general condition of sidewalks throughout the municipality and

that the particular situation had prevailed for such a period of time that the city should have known about it and failed to take steps to remedy it. *Clark v. District of Columbia*, 3 Mackey 79, 88-89 (D. C. Supreme Court 1884). In *Smith v. District of Columbia*, 189 Fed. 2d 671 (D. C. Cir. 1951) the court in dealing with a fall which occurred when the plaintiff slipped on ice stepping from a crosswalk onto a pavement, said at p. 674:

"Snow and ice present a peculiar problem, in that they may be dangerous in their natural, normal state and over many, or even all, parts of the entire city. A municipality cannot be held liable for that which is not its fault. So it cannot be held liable for injuries due to snow or ice as or just after the snow has fallen or the ice formed and when the city has had no opportunity to correct dangerous conditions thus created. And it cannot be liable for that which is beyond its power to correct. So, absent a defect in the street itself, *it cannot be held liable for injuries due to the mere slipperiness of snow or ice in its natural state, because it cannot cure such slipperiness on every bit of sidewalk and street in a large city.* That was pointed out in the Clark case, supra.

"But, where snow or ice has remained on the streets or sidewalks for a period of time and *in certain places has been pushed or trampled or otherwise formed into an obstruction or a danger,* apart from its original natural dangerous state and in an unusual shape or size, it is not different from any other obstruction or danger. If the municipality has actual notice of the danger, *or if the danger is so notorious or so long-continued that the municipal authorities are charged with constructive notice of it,* the municipality is liable for injuries resulting from it. In the Clark case, supra, the court said, with reference to snow and ice, '* * * the District is to be held to liability when, on notice of the dangerous condition of *any particular place,* it neglects to remedy it.'" (Emphasis supplied.)

Also the Court of Appeals of New York recognizing that "In this variable winter climate of ours, falls of snow, followed by rain or by thawing, and then by freezing, and so alternating from day to day, are common." *Dupont v. Village of Port Chester,* 97 N. E. 735, 737 (1912) (quoting from *Brennan v. City of New York,* 114 N. Y. Supp. 578, 580 (App. Div. 1909) ; restated the law of that state in *Williams v. City of New York,* 108 N. E. 448, 449 (1915), in this manner:

> "In order to render a municipality liable in this class of cases the interference with travel must be: (1) Dangerous; (2) unusual or exceptional; that is to say, different in character from conditions ordinarily and generally brought about by the winter weather prevalent in the given locality. This statement of the rule finds support in the principal decisions in this court in snow and ice cases."

In *Jennings v. United States,* 291 Fed. 2d 880 (4th Cir. 1961), which is not a sidewalk case but was concerned with ice on a highway, Judge Haynsworth in writing the opinion for the Court reviewed most of the Maryland "ice and snow" cases affecting both highways as well as sidewalks, starting with *Baltimore v. Marriott,* 9 Md. 160 (1856) and characterized Maryland's treatment of the liability imposed on municipalities in this state in such cases as "Maryland's leniency with municipalities in snow and ice cases" (p. 886) ; however, with defference to the learned Judge, a reading of the cases shows that Maryland maintains standards for liability similar to those imposed upon municipalities in most jurisdictions. Chief Judge Sobeloff (former Chief Judge of this Court) in a concurring opinion in *Jennings* made some pertinent observations (pp. 888-89) concerning the law of Maryland on the liability of municipal corporations for the condition of its streets and sidewalks due to accumulations of snow and ice:

> "Marriott is probably the leading case in Maryland on the duty of municipalities and other organs of local government to prevent or abate nuisances. Its principle has been invoked to permit recovery for personal

injury in a wide variety of situations. On the other hand, the Marriott doctrine has been limited by many decisions, not all, perhaps, entirely consistent with those applying the doctrine.

"If there were not later cases in Maryland dealing with accidents caused by snow, ice, or slippery conditions on a roadway or walkway, it would appear from the Marriott decision that if a defendant, whether an individual or a municipality, knew or should have known of such a condition on a way under his control, and did not take sufficient precautions to prevent it, he is liable. This would place an extremely heavy burden on persons and governmental bodies today, with the great number of streets and highways, the size of municipalities, the ever increasing volume of automobile travel, and the problems connected with snow and ice removal. Recognizing this, subsequent Maryland cases, against both private individuals and municipalities, have limited a defendant's liability for snow, ice, or slippery conditions."

In dealing with snow and ice cases and the obligation of a municipality to keep its public ways clear with respect thereto, this Court has been conscious of the need to protect the public from callous and indifferent municipal administration with regard to such conditions. *Magaha v. Hagerstown,* 95 Md. 62, 51 A. 832 (1902) ; *Baltimore v. Marriott,* 9 Md. 160 (1856). However it has also been sensate to the undesirable results which may follow if a Pandora's Box is opened by exposing a municipality to liability not kept within reasonable bounds.

In the instant case we must not lose sight of the fact that the specific sidewalk in question had actually been cleared of snow, and at the time of the accident it appeared cleared of ice according to the appellant's own testimony. So in effect what the appellant is asking this Court to do is to find that there was evidence from which the jury might have drawn a reasonable inference, that the municipality knew or should have known, that a thin sheet of ice was forming on this specific sidewalk, in the early morning hours, as a result of the freezing of water

which was draining from the adjacent snowbanks and that this rendered the sidewalk in question more perilous than sidewalks generally throughout the municipality. We have already said there is no evidence whatsoever of actual notice and to apply constructive notice to the facts presented by this case would result in the exposure of the municipality to an unreasonable and unrealistic norm of liability.

We are not unmindful that in the past we have repeatedly emphasized that, with regard to ice and snow cases, each case has its own distinguishing features and it must be "on the facts in each case, [that] the Court should determine whether there is sufficient evidence of the gravity of the alleged defect to permit a jury to consider the question of negligence." *Leonard v. Lee, supra,* 435, 62 A. 2d 263. In the present case the facts do not support any reasonable inference of constructive notice.

The Court is of the opinion that it should also discuss the legal effect of the ordinances of the Mayor and Council of Rockville pertaining to the removal of snow and ice from sidewalks, so heavily relied upon by the appellant. There seems to be some confusion in the minds of laymen as well as attorneys that such an ordinance is the touchstone upon which liability rests in sidewalk cases, although this Court on at least two occasions has made it abundantly clear that such an ordinance has no application in negligence cases. *Leonard v. Lee, supra; Flynn v. Canton Co.,* 40 Md. 312 (1874).

The ordinance in question is the prototype of those found in the charter of many municipalities and we set it forth in full. Section 10-1.09 of the Laws of Rockville passed pursuant to § 49-72(b) of the Montgomery County Code (1960) provides:

> "It shall be unlawful for any occupant or owner of a dwelling or place of business within the corporate limits of the City of Rockville to permit snow or ice to remain upon the sidewalks or walks abutting his or her property. When it is called to the attention of the City Manager that snow or ice has been permitted to remain upon the sidewalks or walks abutting the property of an owner or occupant for a period of more than twelve (12) hours from the last snow fall or freeze the City Manager shall order the removal of said snow

> or ice by sending a notice to said owner or occupant to remove the same within twelve (12) hours from the receipt of said notice, and in the event the owner or occupant refuses to comply with the terms of the said notice the City Manager shall remove said snow or ice and charge the cost of its removal to the property owner or occupant. The costs and expenses incident to such removal may be recovered by the Mayor and Council by appropriate legal action."

It has been repeated by this Court on other occasions that this type of ordinance does not inure to the benefit of the individual insofar as arming him with a statutory right upon which liability may be predicated in the event that a breach of the ordinance occurs. As was stated in *Leonard v. Lee, supra,* 431, 62 A. 2d 261:

> "Nor is he liable for a failure to keep the walk clear, even where a statute or ordinance requires that the pavement be kept free of snow and ice. The duty is owed to the authorities and not to the private individual who happens to slip. *Flynn v. Canton Co.,* 40 Md. 312, 17 Am. Rep. 603."

This type of ordinance does nothing more than spell out an administrative procedure whereby the municipality imposes its authority upon the property owner to compel him to clear the adjacent sidewalk of snow and ice and sets forth the sanctions imposed for non-compliance. In the event of a breach of this duty the property owner may be subject to a fine and is subject to an assessment for the costs of removal. But this type ordinance does not *per se* create any additional liability from which other parties may derive an advantage. It has no application in the instant case.

Nor may the appellant take comfort from the recent case of *Honolulu Limited v. Margaret Cain, et vir,* 244 Md. 590, 224 A. 2d 433, where Judge Barnes speaking for the Court imposed a more stringent duty upon the owner of a shopping center to keep a private parking lot cleared of ice and snow than that imposed on the municipality in the instant case. However, it should

be borne in mind that the defendant in *Honolulu* was a private corporation, operating a commercial shopping center where the plaintiff was a business invitee. It employed a maintenance man who had the duty, among others, to salt any areas of ice which were found by him on the parking lot and *"correct any unusual conditions he discovered on the lot."* On the evening of the accident he had left at 5 p.m. about two hours before the plaintiff fell. In addition the defendant owned a lot which was so constructed as to have a well known drainage pattern. The water drained diagonally from the northwest corner to the southeast end of the parking area, yet it permitted "its snow removal service to pile snow at the end of the parking lot diagonally opposite from the drains." The difference in the facts of these two cases, as well as the difference in the status of the party defendants, their relationship to the public, and the respective duty owed by each, is so apparent as not to warrant extended comparison.

For the reasons stated above the order of the lower court directing a verdict for the defendant is affirmed.

*Order affirmed, with costs.*