DORSCH, et vir *v.* S. S. KRESGE COMPANY

[No. 151, September Term, 1966.]

*Decided March 9, 1967.*

The cause was argued before HAMMOND, C. J., and HORNEY, MARBURY, OPPENHEIMER and McWILLIAMS, JJ.

*William D. Hooper, Jr.,* with whom were *Joseph F. Lentz, Jr.* and *Monfred & Lentz* on the brief, for appellants.

*John H. Bolgiano,* with whom were *Smith, Somerville & Case* on the brief, for appellee.

PER CURIAM.

The appellant, Alice Dorsch, was injured when she slipped and fell on the sidewalk or on the street near the appellee's store at the corner of Lexington Street and Park Avenue in Baltimore. There had been a snowfall the night before, and the appellee's employees had removed the snow from the abutting sidewalk before the accident. At the conclusion of the appellants' case, in the Baltimore City Court, before a jury, Judge O'Donnell granted the appellee's motion for a directed verdict. We think he was correct.

The appellants properly concede that a failure of a property owner to clear snow from the abutting pavement, as required by a Baltimore City Ordinance, does not create a liability for an injury to a pedestrian sustained by reason of the violation of the duty imposed by the ordinance. *Weisner v. Mayor and City Council of Rockville,* 245 Md. 225, 225 A. 2d 648 (1967), and cases therein cited. They contend, however, that once a property owner has undertaken to clear away the snow, it is under the duty to use reasonable care in the performance of the act so undertaken, and is responsible for injuries sustained by reason of a negligent failure to perform the act properly. We do not reach the legal question involved in this contention, see *Honolulu Limited v. Cain,* 244 Md. 590, 224 A. 2d 433 (1966), for we agree with Judge O'Donnell, in his thorough oral opin-

ion, that there was no evidence which would have entitled the appellants to recover under any legal theory.

The Judge assumed, *arguendo,* that the appellee might be liable if it had cleaned the sidewalk imperfectly, but held that, in any event, there was no evidence that the work of removing the snow had been negligently performed. The record sustains that conclusion. Nor, if it be assumed ice had formed after the snow had been cleared, was there any evidence adduced by the appellants or any reasonable inference from the testimony that the appellee knew or by the exercise of reasonable care could have discovered that the sidewalk had been left in a condition dangerous to pedestrians. Compare *Honolulu, supra.* See *Weisner, supra.*

In any event, there was no evidence sufficient to go to the jury that Mrs. Dorsch sustained her injuries on the premises of the appellee or on the sidewalk which abutted the premises. Judge O'Donnell accurately summarized the evidence, or rather the lack of it, on this vital phase of the case as follows:

> "The evidence clearly indicates that the plaintiff fell after she said she walked a number of steps across the sidewalk away from the premises of the defendant. There is no evidence whatsoever of any slipping or falling occurring on the premises of the defendant, that is to say, the doorway, or the entranceway of the store. The evidence seems to indicate that she fell either very close to the curb by slipping there or she fell in the street by slipping there."

When the plaintiff's own testimony shows that the injuries must have resulted either from the negligence of the defendant or from an independent cause for which the defendant is not responsible, the plaintiff cannot recover. *Dorsey v. General Elevator Co.,* 241 Md. 99, 105, 215 A. 2d 757 (1966); *Langville v. Glen Burnie Coach Lines, Inc.,* 233 Md. 181, 185, 195 A. 2d 717 (1963). By her own testimony, Mrs. Dorsch may have slipped on the street or on a portion of the sidewalk not abutting the appellee's premises, and in such case the appellee was in no way responsible for the accident. The appellants' contention that the accident occurred on the portion of the sidewalk

700

abutting the store of the appellee, on the evidence, is only a hypothesis resting on surmise and conjecture, which is not enough to warrant a submission of the case to the jury. *Dorsey, supra,* at 241 Md. 105, and cases therein cited.

*Judgment affirmed; costs to be paid by appellants.*