## NEW HIGHLAND RECREATION, INC. *v.* FRIES, ET VIR

[No. 261, September Term, 1966.]

598

*Decided May 5, 1967.*

The cause was argued before HORNEY, MARBURY, BARNES, McWILLIAMS and FINAN, JJ.

*Thomas G. Andrew,* with whom were *Rollins, Smalkin, Weston & Andrew* on the brief for appellant.

*Harold Buchman* for appellee.

MARBURY, J., delivered the opinion of the Court.

New Highland Recreation, Inc., appellant, has appealed from the judgments entered by Judge Cullen, presiding without a

jury, in the Baltimore City Court, in favor of Ruth M. Fries and her husband, James Fries, appellees. Mrs. Fries had sustained injuries as the result of a slip and fall on ice in a path on the public sidewalk which had been cleared of snow by employees of the appellant. Appellant owned a bowling establishment abutting the public sidewalk where Mrs. Fries fell.

The accident occurred on February 1, 1963. Two days before the accident it had snowed, and a path about two feet wide had been cleared in the center of the public sidewalk by employees of appellant. At the time of the accident, the snow piled on the curb side of the sidewalk was about six or eight inches high, and it was about four inches high on the opposite side of the path. Appellant's building faced north on Fleet Street, an east-west street in Baltimore City. The sidewalk on which the path was cleared sloped toward the east where an alley was located.

At about nine o'clock on the evening of the accident, Mrs. Fries parked her car on the north side of Fleet Street, crossed the street, stepped over the snow piled on the curb to the cleared path, and walked to the entrance of the bowling establishment and entered. She noticed that the path was slushy, but she stated that she had no difficulty walking. When she left the building, at about midnight, the temperature had dropped below freezing. She noticed that the path had frozen over and was icy.

When she left the building, Mrs. Fries was accompanied by Mr. and Mrs. Charles Frank. Because of the icy conditions, Mr. Frank walked in the path while Mrs. Frank walked at his left and and Mrs. Fries walked at his right so that the two women would be partially or wholly in the snow where the footing was better. After walking from the building exit almost to the alley at the east end of the building, Mr. and Mrs. Frank took leave of Mrs. Fries and turned left to cross the street. Mrs. Fries continued on for a short distance and then turned to her left to reach the street. As she crossed the path she slipped and fell. She had not reached the snow piled between the path and the curb. The pile at the curb had nothing to do with her fall. At the time she fell, she was wearing loafers and was carrying her purse and her bowling bag.

The testimony of Leo Scales, who was appellant's assistant manager at the time of the accident, revealed that when he arrived for work at about 6:00 p.m. on February 1, the path had been cleared, but that he did not remember its condition. He stated that he saw ice and snow around. At times employees of appellant would put rock salt on the icy pavement, but had not done so on the day of the accident.

The court below held that because appellant had caused or created a nuisance or obstruction in a public street or sidewalk by allowing ice and snow to remain on the sidewalk after it had attempted to remove the snow and ice, appellant was liable for damages to anyone injured as the result of a slippery condition caused by the snow and ice.

It is the general rule that an owner or occupant is under no duty to pedestrians to maintain the public sidewalk abutting his land free from the natural accumulation of snow and ice and that he is not liable to pedestrians for failure to clear the abutting sidewalk even where a statute or ordinance requires that the pavement be kept free of snow and ice. *Dorsch v. S. S. Kresge Company,* 245 Md. 697, 226 A. 2d 899; *Weisner v. Mayor of Rockville,* 245 Md. 225, 225 A. 2d 648; *Leonard v. Lee,* 191 Md. 426, 62 A. 2d 259. See 82 A.L.R. 2d 998.[1] Nor is an abutting owner liable in clearing the public sidewalk of snow and ice, unless through his negligence a new element of danger or hazard, other than one caused by natural forces, is added to the use of the sidewalk by a pedestrian. See *Valente v. United States,* 264 F. 2d 800 (6th Cir. 1959); *Rosenblum v Economy Grocery Stores Corp.,* 300 Mass. 264, 15 N. E. 2d 189 (1938); *Taggart v. Bouldin,* 111 N.J.L. 464, 168 Atl. 570 (1933); *Gentile v. National Newark & Essex Banking Co.,* 53 N. J. Super. 35, 146 A. 2d 471 (1958); *Kelley v. Park View Apartments, Inc.,* 215 Or. 198, 330 P. 2d 1057 (1958). *Cf. Dorsch v. S. S. Kresge Company, supra; Flynn v. Canton Co.,* 40 Md. 312. The issues to be decided are whether the evi-

---

1. An owner or occupier of property abutting a public sidewalk may be liable by reason of statute or ordinance to a municipality for the failure to remove ice and snow from the sidewalk. See Flynn v. Canton Co., 40 Md. 312.

dence is sufficient to show that appellant negligently cleared a path through snow on the sidewalk so as to add a new element of danger or hazard, and whether the evidence was sufficient to show notice of the icy conditions.

The slush that Mrs. Fries found on the path may have been the result of the thawing and freezing of the snow piled along the sides of the path, or the result of snow having been tracked onto the path by pedestrians. There was no evidence that the slush was on the path as a result of the work of removing the snow having been negligently performed. *Dorsch v. S. S. Kresge Company, supra.* The mere fact that water from melting snow, which had been cleared from the public sidewalk and piled along the side of the path, flowed over the cleared portion and froze was not sufficient to show that appellant, in clearing the sidewalk in the manner it did, created a nuisance or artificially brought about a condition which increased or changed the flow of water at the place where Mrs. Fries fell. *Valente v. United States, supra; Hecht Co. v. Hohensee,* 65 App. D. C. 328, 83 F. 2d 585 (1936) ; *Riccitelli v. Sternfeld,* 1 Ill. 2d 133, 115 N. E. 2d 288 (1953) ; *Rosenblum v. Economy Stores Corp., supra; Mahoney v. Perreault,* 275 Mass. 251, 175 N. E. 467 (1931) ; *Taggart v. Bouldin, supra; Kelley v. Park View Apartments, Inc., supra.* A divergent view seems to have been taken by some New York cases. See cases collected in 71 A.L.R. 2d 793, 799.

In *Mahoney* snow had been shovelled off the concrete sidewalk in front of defendant's premises and placed upon a grass plot or tree belt near the curb. Evidence tended to show that the inner edge of the sidewalk was slightly lower than at the curb. The Court in finding no sufficient evidence to prove negligence said :

> "If we assume that it could be found that the water which ran over the sidewalk came from snow shovelled upon the grass plot by the defendant that had melted, it cannot reasonably be found that he thereby created a nuisance, or artificially brought about a condition which increased or changed the flow of water at the place where the plaintiff fell. The defendant violated

no duty he owed the plaintiff by clearing snow from the sidewalk in front of his premises. He acted within his rights in shovelling it upon the grass plot. There is no evidence to warrant a finding that he was negligent because the snow melted and ran over the walk. He did not create an artificial channel or water spout or make any change upon his land which would cause the water to flow over the walk. A landowner cannot be held liable if he shovels snow from the sidewalk in front of his premises upon the space between the outer edge of the walk and the curb and it melts and runs over the walk and thereafter ice is formed." 175 N. E. at 468.

Appellees urged this Court to adopt the rule of law which would impose upon appellant the duty to keep the public sidewalks abutting its premises reasonably clear of snow and ice since it cleared the sidewalk in order to attract patrons in inclement weather. Therefore, appellees concluded there should be a distinction in law between the duty imposed on a businessman who deliberately invites patrons to use public sidewalks he supposedly cleared of snow and ice and the duty imposed on an ordinary abutting property owner who clears a path. See *Honolulu Ltd. v. Cain*, 244 Md. 590, 224 A. 2d 433.

Cases involving business premises abutting public sidewalks from which snow had been removed by the owner of the abutting premises have not made the distinction urged by appellees. See *Hecht Co. v. Hohensee* (a department store); *Riccitelli v. Sternfeld* (a filling station); *Rosenblum v. Economy Grocery Stores Corp.* (a grocery store); *Kelley v. Park View Apartments* (an apartment building), all *supra*. In *Kelley* it was held that no special duty to clear abutting public sidewalks of snow existed by virtue of the landlord-tenant relationship. However, where a businessman maintains on his premises sidewalks and parking lots for the use of his customers, the benefits derived from having those areas free from snow and ice affect him directly. Since he derives a direct benefit and since he has control over his property, he has the duty to maintain his premises in a reasonably safe condition

for his customers. *Honolulu Ltd. v. Cain, supra; Lexington Market v. Zappala,* 233 Md. 444, 197 A. 2d 147. See *Langley Park Apts. v. Lund, Adm'r,* 234 Md. 402, 199 A. 2d 620.

There was no evidence to show that the icy conditions existed over a period of time sufficient to give constructive notice. *Dorsch v. S. S. Kresge Company, supra.* Appellant's assistant manager testified that he noticed snow and icy conditions on the sidewalk, but it was not established that the icy conditions he noticed existed on the cleared path. Furthermore, assuming appellant had notice of the icy conditions, we do not feel that its failure to have removed the ice from the public sidewalk, once the ice was discovered, imposed any liability on it, since the cause of the ice was not the act of the appellant. *Kelley v. Park View Apartments, supra.* Appellant created no nuisance or new hazard in removing the snow and piling it on the side of the path. The ice formed as the result of the freezing of melted snow was a natural condition, and the failure to remove or treat the ice with salt or sand would fall under the general lack of any duty to clear the public sidewalk. Compare *Weisner v. Mayor and Council of Rockville, supra,* which held that a municipal corporation owes a duty to persons lawfully using the public streets and sidewalks under its control to make such public ways reasonably safe for passage.

Since the record before us discloses the breach of no duty owed by the appellant to the appellees, the trial judge was clearly erroneous in finding negligence on the part of the appellant.

*Judgment reversed without a new trial, with costs.*