# MATYAS *v.* SUBURBAN TRUST COMPANY

[No. 293, September Term, 1969.]

*Decided March 20, 1970.*

340

The cause was submitted on briefs to HAMMOND, C. J., and BARNES, FINAN, SINGLEY and DIGGES, JJ.

Submitted by *Thomas B. Yewell* for appellant.

Submitted by *Albert T. Blackwell, Jr.* and *Couch, Blackwell & Miller* for appellee.

DIGGES, J., delivered the opinion of the Court.

On the 4th day of December, 1967, the appellant Ludvik A. Matyas was walking to the branch office of the Suburban Trust Company, located in a shopping center in College Park, Maryland, for the purpose of cashing a check. At the time there was an accumulation of snow of some four days standing. The appellant was on a public sidewalk abutting the north side of the bank as he approached the shopping center property. He stepped over a snowdrift, slipped on an unseen piece of ice, and was

injured. The sidewalk, which was part of the College Park street system, had not been cleared on the day of his fall, and had never in the past been cleared of snow or ice by Samuel Rosenfeld (the lessor of the shopping center), Suburban Trust Company, or the Town of College Park. There was no town ordinance requiring property owners to keep public sidewalks abutting their property free of snow and ice. However, there was a lease agreement in effect between Suburban Trust Company and Samuel J. Rosenfeld which provided "[t]hat he [Suburban Trust] will keep the sidewalks immediately abutting said premises free from obstructions of all nature, properly swept and snow and ice removed therefrom."

On the basis of these undisputed facts the appellant filed an action in tort and not in contract against Suburban Trust, which in turn brought its lessor Samuel J. Rosenfeld into the case as a third party defendant. On the motion of the defendants, summary judgment was granted in their behalf. The plaintiff has appealed only as to the defendant Suburban Trust Company.

The peculiar facts of this case and the three-pronged contention of plaintiff reach the outer limits of tort liability to third persons, based on a contract involving the maintenance of public land abutting leased premises. The plaintiff contends 1) that the obligation to clear "the sidewalks immediately abutting the premises" includes both the sidewalks within the confines of the shopping center and those public walks outside of it. Moreover, he asserts 2) that the nonperformance of this contractual duty extends in tort to third persons generally, and certainly to a customer approaching the bank with checkbook in hand. He contends 3) that he is a third party beneficiary of this lease provision.

The trial court, however, did not decide these last two questions, since it ruled that the lease provision was clearly limited to the land over which the lessor had control. We do not think this conclusion can be reached without testimony, for we detect a lurking ambiguity in the

phrase "the sidewalks immediately abutting said premises." This phrase, even when read with other descriptive provisions of the contract, neither includes nor excludes abutting *public* sidewalks, and it is entirely reasonable to think that the lessor and lessee may have intended, for the benefit of their customers, to keep a public sidewalk leading into their shopping center free of ice and snow.

We do agree, nevertheless, that the summary judgment should have been granted. Even assuming that clearing the public sidewalk was part of the obligation of this lease, we find that the plaintiff, because of the place of his fall, cannot recover damages in tort on the basis of this contract for the injuries he sustained. In the absence of any common law or statutory duty to keep abutting public sidewalks free of snow and ice, we will not impose tort liability on the basis of a contractual obligation that was never undertaken.

Since we are not confronted here with a snow removal statute we need not consider the possibility of positing tort liability on the basis of a statutory mandate. Our inquiry, rather, must be directed to various forms of common law duty arising either from an affirmative requirement, in the absence of fault, to clear snow and ice from abutting public sidewalks, or from a gratuitous or contractual undertaking which was actually begun but negligently performed, or, as is the case here, a complete failure to initiate performance of a purely contractual duty.

In *New Highland v. Fries*, 246 Md. 597, 601, 229 A. 2d 89 (1967), we reiterated our often repeated observation that "[i]t is the general rule that an owner or occupant is under no duty to pedestrians to maintain the public sidewalk abutting his land free from the natural accumulation of snow and ice . . . ." Similarly, there would be no duty to correct a hazardous condition on a public sidewalk created by a stranger. *Leonard v. Lee*, 191 Md. 426, 62 A. 2d 259 (1948).

Judge Marbury, speaking for the Court in *New High-*

*land, supra,* at 601, went on to point out "[n]or is an abutting owner liable in clearing the public sidewalk of snow and ice, unless through his negligence a new element of danger or hazard, other than one caused by natural forces, is added to the use of the sidewalk by a pedestrian." Thus, we are describing a negative duty not to create a new hazard. Since in *New Highland* we said there could be no liability on the abutting owner unless he undertook to clear and performed negligently, it would follow a fortiori that to neglect to undertake to perform could not impose liability.

This decision does not rest on the archaic distinction between non-feasance and misfeasance, for as we noted in *Otis Elevator Co. v. Embert,* 198 Md. 585, 597-8, 84 A. 2d 876 (1951),

> "The absence of tort liability for breach of contract is not qualified by the distinction between non-feasance and misfeasance. In such cases such a distinction is not between non-performance and 'misperformance' of a contract, but only between conduct, in breach of a contract, which constitutes only a breach of contract and conduct which also constitutes a breach of duty, arising out of the nature of the work undertaken and the conduct, to third persons. Indeed the distinction denotes a difference between absence and existence of tort liability, but does not appreciably aid in determining whether or not such liability exists."

Similarly in *Heckrotte v. Riddle,* 224 Md. 591, 595, 168 A. 2d 879 (1961) we observed that "[t]he mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort." Had Matyas, as an invitee, been injured by a hazardous condition on the private sidewalk in front of the bank for which the landlord, as owner, would have been liable, the tenant, who had contracted to maintain

this part of the premises, would also be liable. This would be true whether non-feasance or misfeasance of the contract caused the accident. *Honolulu Ltd. v. Cain,* 244 Md. 590, 224 A. 2d 433 (1966) ; *Langley Park Apts. v. Lund, Adm'r,* 234 Md. 402, 199 A. 2d 620 (1964). Since the landlord, Rosenfeld, has no responsibility in law to clear the public sidewalk abutting his shopping center, his tenant, Suburban Trust, has no responsibility. This is so because absent a duty exterior to the contract on either of these parties, the mere failure to perform does not provide a foundation for an actionable tort.

The plaintiff has vigorously contended that he is entitled to recover on the basis of the lease provision as a third party beneficiary, but his reliance on *Marlboro Shirt Co. v. Am. Dis. Tel. Co.,* 196 Md. 565, 77 A. 2d 776 (1951) in support of this contention is at complete odds with our holding in that case at pages 571-72. "As to the tort count, it has been held by this Court that a contractor owes no duty to the general public for which it may be made responsible in an action in tort for negligence, if it does not perform its contract." While we quote this brief statement from *Marlboro Shirt* to answer the plaintiff's contention, we must observe in passing that we do not mean to completely reaffirm the rather stringent holding there in regard to tort liability arising out of contractual obligations. We only reiterate that where there is no overlapping tort duty involved in the breach, tort liability will not normally be imposed on the basis of a mere unperformed contract.

The question, then, "To whom does the duty extend?" is conceptually premature. It must be preceded by the threshold inquiry: "Is there any duty at all?" Having found none in this case the judgment will be affirmed.

*Judgment affirmed. Costs to be paid by appellant.*